MARC E. HANKIN (SBN: 170505)
E-Mail: Marc@HankinPatentLaw.com
ANOOJ PATEL (SBN: 300297)
E-Mail: Anooj@HankinPatentLaw.com
**HANKIN PATENT LAW, APC**
12400 Wilshire Boulevard, Suite 1265
Los Angeles, CA 90025
Telephone: (310) 979-3600
Facsimile: (310) 979-3603

Attorneys for PLAINTIFF,
**DAVID A. BERKOVITZ**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. BERKOVITZ<br><br>Plaintiff,<br><br>v.<br><br>DOES 1-5<br><br>Defendants. | Case No. 2:22-CV-01628<br><br>**VERIFIED COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff David A. Berkovitz ("Berkovitz"), by his attorneys, and for his Verified Complaint against Defendants Does 1-5 ("Defendants") (collectively "Defendants"), alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil action against Defendants for Copyright Infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et seq. This Court has subject matter jurisdiction over the Copyright Infringement under 17 U.S.C. § 501(a).

2. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 28 U.S.C. § 1400(a) in that the claims arise in this judicial district, Defendants are believed to be residents in this judicial district, and the injury Berkovitz suffered took place in this judicial district.

## PARTIES

3. Berkovitz is a California resident, and an Assistant Professor at The George L. Argyros School of Business and Economics of Chapman University. Berkovitz has an address at 20251 Hawthorne Boulevard, Suite 500, Torrance, CA, 90503. His principal place of business at Chapman University is 1 University Drive, Orange, CA, 92866.

4. Berkovitz is unaware of the true names and capacities of Defendants sued herein as DOES 1-5, inclusive, and therefore sues these Defendants by such fictitious names. Berkovitz will amend this complaint to allege their true names and capacities when ascertained. Berkovitz is informed and believes and thereon alleges that each of the fictitiously named Doe Defendants is responsible in some manner for the wrongs alleged herein, that Berkovitz's injuries were proximately caused by such Doe Defendants, and that at all relevant times each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment. The fictitiously named Doe Defendants are referred to collectively herein as "Defendants."

## STATEMENT OF RELEVANT FACTS

5. Berkovitz is an Assistant Professor, Clinical Faculty, at The George L. Argyros School of Business and Economics at Chapman University in Orange, CA.

6. In his capacity as an Assistant Professor, Berkovitz creates and administers various assignments and exams.

7. During the 2021 Spring Semester at Chapman University, Berkovitz taught the course Business 215.

8. Upon information and belief, Defendants were students in the Business 215 course taught by Berkovitz.

9. During the 2021 Spring Semester Chapman University, Berkovitz administered several exams in his capacity as Assistant Professor.

10. In 2021, Berkovitz created several exams, two of which were entitled:

"BERKOVITZ BUSINESS 215 SECTION 05 SPRING 2021 SECOND MIDTERM," ("the Midterm Exam") and "BERKOVITZ BUSINESS 215 SECTION 05 SPRING 2021 FINAL EXAM" ("the Final Exam").

11. The Midterm Exam and Final Exam comprise subject matter protected by copyright.

12. On April 21, 2021, Berkovitz distributed the Midterm Exam to his students for testing purposes.

13. On May 21, 2021, Berkovitz distributed the Final Exam to his students for testing purposes.

14. In or about January 2022, Berkovitz first discovered that parts of the Midterm Exam and Final Exam had been posted on the website https://www.coursehero.com/ ("the Course Hero Website"), an education focused document sharing website.

15. On February 24, 2022, Berkovitz filed Copyright Applications with the United States Copyright Office for the Midterm Exam and Final Exam, on an expedited basis.

16. On February 25, 2022, Berkovitz received confirmation that the Copyright Applications were accepted by the United States Copyright Office, and that the Midterm Exam and Final Exam were granted Copyright Registrations.

17. The Midterm Exam was granted Copyright Registration No. TX9-084-908. A true and correct copy of the Copyright Registration Certificate for the Midterm Exam Copyright Registration is attached hereto as Exhibit A.

18. The Final Exam was granted Copyright Registration No. TX9-084-343. A true and correct copy of the Copyright Registration Certificate for the Final Exam Copyright Registration is attached hereto as Exhibit B.

19. On or before February 23, 2022, Defendants published the Midterm Exam and Final Exam on the Course Hero Website.

20. Defendants published the Midterm Exam and Final Exam on the Course

**VERIFIED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Hero Website without any license or authorization from Berkovitz to do so.

21. Defendants had access to the Midterm Exam and Final Exam because they obtained access to the Copyrighted Works for testing purposes in their role as students in Berkovitz's class, and the Midterm Exam and Final Exam were accessible only to students who were then enrolled in Berkovitz's Business 215 Class in the Spring Semester at Chapman University.

## CLAIM FOR RELIEF FOR COPYRIGHT INFRINGEMENT PURSUANT TO 17 U.S.C. § 501 BY BERKOVITZ AGAINST ALL DEFENDANTS

22. Berkovitz incorporates by reference paragraphs 1 through 21 of this complaint as though fully set forth herein.

23. At all relevant times, Berkovitz owned the Copyrights in the Midterm Exam and Final Exam.

24. None of the Defendants ever had any individual ownership interest in the Copyrights in the Midterm Exam and Final Exam.

25. Attached hereto as Exhibits A and B are the Copyright Registration Certificates for the Midterm Exam and Final Exam, respectively. These Copyright Registration Certificates are *prima facie* evidence of the validity of the Copyrights in the Midterm Exam and Final Exam and the facts stated in the Copyright Registration Certificates.

26. Defendants infringed Berkovitz's exclusive right to reproduce, make copies, distribute, or create derivative works by publishing the Midterm Exam and Final Exam on the Course Hero Website without Berkovitz's permission.

27. Defendants made the Midterm Exam and Final Exam available to the public by posting them on the Course Hero Website.

28. Defendants knew or should have known that their acts constituted Copyright Infringement.

29. Defendants' infringing conduct was willful within the meaning of the Copyright Act of 1976.

30. As a result of Defendants' infringement of the Copyrights, Berkovitz is entitled to: (a) a declaration, pursuant to 28 U.S.C. § 2201, that Defendants have infringed the Copyrights; (b) entry of a preliminary and permanent injunction, pursuant to 17 U.S.C. § 502, enjoining Defendants and all persons in active concert or participation with Defendants from directly or indirectly infringing the Copyrights; (c) an order of impoundment, pursuant to 17 U.S.C. § 503(a)(1)(A), impounding all devices containing copies of the copyrighted material in Defendants' possession, custody, control, or within its distribution channels; (d) an award of actual damages and profits under 17 U.S.C. §504(b); (e) an award of statutory damages for willful infringement under 17 U.S.C. §504(c); and (f) an award of costs, prejudgment interest, and attorneys' fees, pursuant to 17 U.S.C. §505.

## PRAYER FOR RELIEF

WHEREFORE, Berkovitz prays for judgment against all Defendants as follows:

Entry of a Judgment that includes:

    a. a permanent injunction, enjoining Defendants and all persons in active concert or participation with Defendants from directly or indirectly infringing the Copyrights for the Midterm Exam and Final Exam;

    b. an order of impoundment, impounding all devices containing copies of the Copyrighted material within Defendants' possession, custody, control, or within their distribution channels;

    c. an award of actual damages and profits;

    d. an award of statutory damages for willful infringement;

    e. an award of attorneys' fees;

    f. prejudgment interest;

    g. Costs of the suit; and

    h. Any and all additional relief that the Court may deem just and proper.

Respectfully submitted,

**HANKIN PATENT LAW, APC**

Dated:  March 10, 2022   By: /*Marc E. Hankin*/

Marc E. Hankin, Esq.
Attorneys for Plaintiff,
**David A. Berkovitz**

## DEMAND FOR JURY TRIAL

Berkovitz hereby demands a trial by jury of all issues so triable in this action.

**HANKIN PATENT LAW, APC**

Dated:  March 11, 2022   By: /*Marc E. Hankin*/

Marc E. Hankin, Esq.
Attorneys for Plaintiff,
**David A. Berkovitz**

# VERIFICATION

I, David A. Berkovitz, verify, subject to the penalties of perjury of the United States of America, that all of the allegations set forth in Plaintiff's foregoing **VERIFIED COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)** are true and correct based on a reasonable inquiry and to the best of my personal knowledge and belief.

Executed in Torrance, CA
March 10, 2022

David A. Berkovitz
Plaintiff